NELLIE BIRMINGHAM and others, in equity,

*vs.*

ALBERT A. LESAN.

Penobscot.   Opinion December 9, 1884.

*Will.   Devise.   Life-estate.*

A testator devised real estate to his widow to hold "during her life for her maintenance, but not to sell the same, the said real estate to go to John Mehan at her death, if any remains." *Held :*

1. That the widow took a life-estate by express words of limitation, without any power of disposal annexed.

2. That the words, "if any remains," are by implication in opposition to the language of the testator, in the same clause by which the widow is expressly prohibited from making sale of the real estate, apparently inconsistent with every other expression in the will, and therefore can not be held to imply a right of disposal.

ON EXCEPTIONS.

Bill to redeem.   The bill states that the plaintiffs are the heirs at law of James McDermott; that he was seized of the premises at the time of his death, and his will, which was duly probated, contained the devise recited in the opinion; that after his death his widow, Catherine McDermott, and John Mehan, named in the devise, executed a mortgage of the premises to the defendant, and that defendant had commenced proceedings to foreclose the mortgage; that John Mehan did not perform the conditions imposed upon him by the devise, but abandoned Catharine McDermott without providing for her maintenance from the proceeds of the land or otherwise; and that she died on the poor farm where she had been supported as a pauper.

The exceptions were to the ruling of the court in overruling a demurrer to the bill, and they contained the following agreement of counsel:   "If exceptions are overruled, defendants to have right to answer, and action to stand for trial."

*Barker, Vose and Barker,* for the plaintiffs.

*Charles P. Stetson,* for the defendant.

FOSTER, J. The determination of the question raised by the demurrer in this case depends upon the construction to be given to the will of James McDermott.

The language used is not wholly free from ambiguity. The second clause in the will is the only one concerning which any doubt can arise as to the intention of the testator, and it reads thus : " I give and devise to my wife Catherine, all the real estate that I may die seized of, to hold the same during her life for her maintenance, but not to sell the same, the said real estate to go to John Mehan at her death, if any remains, providing the said Mehan maintains and provides for the said Catherine, decently, from the proceeds of the farm or otherwise ; and providing the said Mehan fails to provide for the said Catherine, then the said Catherine is empowered to call on the selectmen to provide for her in her own house."

By the well settled rules of construction, as well as by the authorities, the devisee, Catherine McDermott, took a life-estate in the property devised by express words of limitation, and not by implication. *Stuart* v. *Walker*, 72 Maine, 152 ; *Leighton* v. *Leighton*, 58 Maine, 63.

The question then which is naturally presented by this case is, whether the widow of the testator took this estate with the power of disposal annexed to her life-estate.

In considering this proposition we resort, in the first instance, to the application of those elementary rules of construction, which provide that the intention of the testator is to have a controlling influence in the interpretation of the language used in his will, provided it be consistent with the rules of law ; and that this intention is to be collected from the whole will taken together. *Shaw* v. *Hussey*, 41 Maine, 497.

The words of the devise are plain and distinct in the creation of a life-estate by express limitation : " I give and devise to my wife, Catherine, all the real estate that I may die seized of, to hold the same during her life for her maintenance, but not to sell the same," &c. Any other construction would do violence to the intention of the testator as expressed in apt and explicit words

of limitation, expressive of that intention. *Stuart* v. *Walker*, *supra*, 154; *Warren* v. *Webb*, 68 Maine, 135.

In the same clause in which the life-estate is set out to the devisee to be held during her life for her maintenance, there appear these words restrictive of the power of alienation, "but not to sell the same," and which, taken in connection with the language preceding, seem clearly to indicate the intention of the testator to limit the estate for life, with no power of disposal of the fee annexed.

No doubts would linger in the mind as to what was the manifest intention of the testator, were it not for the expression, "if any remains," which immediately follows in the same sentence when providing for the disposition of the estate at the death of his widow.

These words, by implication, are in opposition to the language of the testator in the same clause by which the devisee for life is prohibited from making sale of the real estate, and, apparently, inconsistent with every other expression in the will.

Now, taking the whole will together, from which to ascertain the intention of the testator, it will be seen that the real estate was to go to Mehan at the death of the widow, provided he should maintain and provide for her from the proceeds of the farm or otherwise, and if he should fail so to provide for her, then she was empowered to call on the selectmen to provide for her in her own house; or if Mehan should provide for her during her life, but neglect to put a head-stone at her grave, then the selectmen might do so from the proceeds of the estate.

Here, certainly, from this language can be gathered no intention that the widow was empowered to sell the estate, but rather, on the contrary, that she was to be supported from the "proceeds" of the farm, and that, by a further provision in the will, while she had a right to occupy one-half of the lower part of the house during her natural life, the other half was to be used by said Mehan. Furthermore, by the fourth item the testator expressly declares that said Mehan is to be allowed the use of the place for the purpose of maintaining himself and the widow of the testator by farming the same.

If the power of sale were to be implied from the use of the words, " if any remains," in the connection in which they stand, it would be not only in direct conflict with the previous language of the testator, in which he expressly denies the power of alienation to the devisee of the estate for life, but inconsistent with the right of the remainderman, whose right of occupancy during the lifetime of the widow was expressly provided for by the terms of the will, as well as depriving the selectmen of using the proceeds of the estate for furnishing a head-stone at her grave, and providing for her at her own house, in case the said Mehan should fail to provide for her.

We do not intend to hold that these words may not oftentimes imply a power to convey, in connection with the devise of a remainder of real estate after an estate for life; but upon an examination of the authorities we have been unable to find any case where, standing in connection with a life-estate by express limitation with a devise over, they have been construed as giving a power of disposal of the fee, unless they were in harmony with the spirit of the other parts of the will. Certainly not, when the power that might otherwise be implied by them is not only in conflict with the express language of the testator, but contrary to his manifest or apparent intent as collected from all the provisions of the will. *Leighton* v. *Leighton*, 58 Maine, 69, 70; *Warren* v. *Webb*, 68 Maine, 135, 136; *Paine* v. *Barnes*, 100 Mass. 471; *Taggart* v. *Murray*, 53 N. Y. 236.

It will be noticed that in many of the cases where such words as, " if any remains," " if any shall remain unexpended," and other similar expressions, are held to imply the right of disposal, the testator had, either expressly or impliedly, authorized the disposal of his estate by the use of other language, and with which these expressions were only in harmony in conveying the intent of the testator. *Ramsdell* v. *Ramsdell*, 21 Maine, 288; *Harris* v. *Knapp*, 21 Pick. 416; *Leighton* v. *Leighton*, 58 Maine, 69; *Scott* v. *Perkins*, 28 Maine, 35; *Burleigh* v. *Clough*, 52 N. H. 267. And our court, in referring to the case of *Harris* v. *Knapp*, *supra*, says : " The court gave great force and effect to the phrase, ' whatever shall remain at her death,'

deducing from it the conclusive implication that the devisee had the right to dispose of the property. The use of the word, 'disposal' in the will, however, undoubtedly contributed to the conclusion arrived at by the court." *Warren* v. *Webb, supra.*

From a careful examination of the provisions of this will, we are satisfied that it was the intention of the testator that his widow should take a life-estate with no power of conveying the fee ; that the words, "if any remains," taken in the connection in which they are found, must yield to the more positive and unequivocal declaration of the testator, "but not to sell the same," and which is in harmony with the other provisions of the will.

> *Exceptions overruled. Defendants to have the right to answer, and action to stand for trial.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.